OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s conviction vacated, and the case remitted for further proceedings on the indictment.
We conclude that the cumulative effect, at least, of the several preserved errors requires a reversal. Proof of defendant’s guilt turned very largely on the jury’s acceptance of the testimony of Detective Nunez, the only witness to the alleged drug transactions produced by the People; the participating police informer did not take the stand. In this circumstance the significance of the errors on trial became critical. It was error to permit Lieutenant Donnelly to testify by way of inferential explanation for the failure to call the informer that he had promised the informer that the latter’s identity would not be revealed and that he would never be called upon *750 to testify in open court, and further that when asked if he would be willing to testify the informer had responded, "What do you want, to get me killed?” It was also error for the prosecutor to vouch for his own witness and then to buttress his own unsworn testimony by volunteering to take a lie detector test. Finally, it was error (and in the circumstances of this case not harmless error, despite the subsequent extensive cross-examination) to have refused to disclose to defense counsel for impeachment purposes information from Detective Nunez’ disciplinary file as to prior misconduct on his part.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in a memorandum.
Order reversed, etc.